PD-1094&1095&1096-17

PD-1094&1095&1096-17
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/3/2017 12:07 PM
Accepted 10/4/2017 3:50 PM
DEANA WILLIAMSON
CLERK

No. _____

FILED
COURT OF CRIMINAL APPEALS
2017
DEANA WILLIAMSON, CLERK

| | | |
|---|---|---|
| ANGELA FARMER,<br>Appellant | §<br>§<br>§ | IN THE TEXAS COURT<br>OF CRIMINAL APPEALS |
| V. | §<br>§ | |
| THE STATE OF TEXAS,<br>Appellee | §<br>§<br>§<br>§ | APPELLATE COURT Nos.<br>02-16-00110-CR,<br>02-16-00111-CR<br>02-16-00112-CR |

Granted.
P.C.
10-5-17

## APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR DISCRETIONARY REVIEW

**TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:**

COMES NOW, ANGELA FARMER, Appellant in the above-styled and numbered causes, by and through her court-appointed attorney of record, Jack V. Strickland and files this, Appellant's motion for extension of time to file petition for discretionary review. In support of said motion, Appellant shows as follows:

1.

That the Second Court of Appeals affirmed Appellant's judgment in a non-published memorandum opinion delivered May 25, 2017. A copy of that opinion was received by counsel on May 25, 2017. A copy of both the judgment and opinion

is attached hereto and marked as "Exhibit A" & "Exhibit B," respectively. In addition, a motion for rehearing and a motion for *en banc* consideration were filed in the Second Court of Appeals on June 9, 2017 and July 31, 2017, respectively. Both motions were denied and a copy of the orders are attached hereto and marked as "Exhibit C" (June 29, 2017) & "Exhibit D" (August 10, 2017), respectively.

2.

That this extension of time to file Appellant's petition for discretionary review is not sought merely for purposes of delay, but rather in an effort to ensure justice and to afford Appellant her fundamental right to appeal her conviction and sentence. The motion is timely and proper in that it complies with *Tex.R.App.Pro.*, R. 10.5(3) & R.68.2(c). Appellant has not previously sought an extension for this filing. Appellant is incarcerated.

**WHEREFORE, PREMISES CONSIDERED,** Appellants prays that the deadline for the filing of her petition for discretionary review be extended for thirty days from Friday, September 8, 2017 to Monday, October 9, 2017.

Respectfully Submitted,

/s/ Jack V. Strickland
JACK V. STRICKLAND
State Bar No. 193970000
ATTORNEY FOR DEFENDANT
909 Throckmorton Street
Fort Worth, Texas 76102
Tel: (817)338-1000
Fax: (817)338-1020
jvstrickland1943@gmail.com

COUNSEL FOR APPELLANT
(On Appeal Only)

## CERTIFICATE OF CONFERENCE

On October 3, 2017, a telephone conference was held with Assistant District Attorney Debra Windsor concerning the foregoing motion. Ms. Windsor has no objection.

/s/ Jack V. Strickland
Jack V. Strickland

## CERTIFICATE OF SERVICE

On October 3, 2017 a true and correct copy of the foregoing Appellant's first request for extension of time to file a petition for discretionary review was forwarded to:

1. Angela farmer, Jr.
   TDCJ# 02056021
   Hobby Unit
   742 FM 712
   Marlin, Texas 76661

2. Debra A. Windsor
   Assistant District Attorney
   401 W. Belknap St
   Fort Worth, Texas 76196

/s/ Jack V. Strickland
Jack V. Strickland



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00110-CR

| | | |
|---|---|---|
| Angela D. Farmer | § | From Criminal District Court No. 2 |
| | § | of Tarrant County (1418882D) |
| v. | § | May 25, 2017 |
| | § | Opinion by Justice Gabriel |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By /s/ Lee Gabriel
    Justice Lee Gabriel





# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-16-00110-CR**
**NO. 02-16-00111-CR**
**NO. 02-16-00112-CR**

ANGELA D. FARMER          APPELLANT

V.

THE STATE OF TEXAS          STATE

------------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
## TRIAL COURT NOS. 1418882D, 1418885D, 1418887D

------------

## MEMORANDUM OPINION[1]

------------

In this consolidated appeal, Appellant Angela D. Farmer appeals from her conviction of two first-degree felony counts of possession of a controlled substance with intent to deliver and one third-degree felony count of evading

---

[1]See Tex. R. App. P. 47.4.

EXHIBIT B

arrest or detention with a vehicle, arguing in two issues that the evidence is insufficient to support her possession convictions and that she received ineffective assistance of counsel during trial. We affirm.

## I. BACKGROUND

On June 22, 2015, two undercover police officers assigned to the Fort Worth Police Department's narcotics division parked their unmarked vehicle near 1015 East Morphy Street in Fort Worth as part of an investigation into possible narcotics activity at that location. The officers observed a couple of individuals lingering around a Honda Accord that was sitting in the residence's driveway who appeared to be on the lookout for law enforcement. So the officers decided to send in a confidential informant to attempt a drug buy. The informant walked up to the driver's side of the Honda, leaned inside, purchased some illegal narcotics, and walked back to the undercover officers' vehicle. The undercover officers then radioed two uniformed officers, William Snow and Emilio Chavez, to report what had occurred and asked them to make the scene, detain the Honda's driver, and continue the investigation.

It took Officers Snow and Chavez about five minutes to arrive, and in the meantime, the undercover officers saw a vehicle pull into the driveway, conduct what appeared to be another drug transaction with the driver of the Honda, and then leave. When Officers Snow and Chavez arrived, they noticed the Honda backed into the driveway with someone seated in the driver's seat and two men lingering outside of the Honda—one near the driver's side door and one on the

2

porch of the residence. Officer Snow got out of his vehicle and began walking toward the Honda, and as soon as he did so, the man who was standing near the Honda began to walk away. Officer Chavez walked over to that man while Officer Snow continued to the driver's side door of the Honda. The window was rolled down, and Farmer, the car's sole occupant, was seated in the driver's seat.

Officer Snow looked inside the Honda and saw a sandwich bag that was filled with pills sitting in the center console where the cup holders would be. Based upon his training and experience, he believed the pills contained heroin and cocaine. While he was at the driver's side window, Farmer put the Honda in drive and sped away, striking Officer Snow in the hand and leg with her car in the process. Farmer raced to a nearby alley, got out of her car, and continued fleeing on foot. With the assistance of the undercover officers, Officers Snow and Chavez located Farmer's vehicle in the alley, pulled in behind it, and ran after her. The officers caught up with her and attempted to arrest her, but she resisted, requiring Officer Chavez to deploy his Taser. Officers Snow and Chavez were ultimately able to arrest her.

After Farmer had been arrested, one of the undercover officers searched her abandoned car. Inside he found the following items:

- A Mentos candy bottle, located in the map pocket of the driver door, filled with some capsules that contained cocaine and some that contained heroin;

- A shaving kit located on the front passenger seat that contained individual baggies and a digital scale;

3

- A bag of hypodermic needles located in the handle of the driver door; and

- Farmer's Texas identification card.

The officers did not, however, find the pill-filled sandwich bag that Officer Snow had seen earlier.

In separate causes, a jury convicted Farmer of possession of a controlled substance—cocaine—with intent to deliver (Cause No. 1418882D), see Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2010); of possession of a controlled substance—heroin—with intent to deliver (Cause No. 1418885D), see id.; and of evading arrest or detention with a vehicle (Cause No. 1418887D), see Tex. Penal Code Ann. § 38.04(a), (b)(2)(A) (West 2016). The jury assessed her punishment at twenty years' confinement for each possession offense and five years' confinement for the evading-arrest offense. The trial judge sentenced her accordingly, ordering the three sentences to run concurrently. Farmer now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

In her first issue, Farmer contends that the evidence is insufficient to support either of her possession convictions.

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319,

4

99 S. Ct. 2781, 2789 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). In order to convict Farmer of possession of a controlled substance with intent to deliver, the State had to prove beyond a reasonable doubt that she (1) exercised actual care, custody, control, or management over a controlled substance, (2) intended to deliver the controlled substance to another, and (3) knew that the substance in her possession was a controlled substance. Tex. Health & Safety Code Ann. § 481.002(38) (West Supp. 2016), § 481.112(a); *Cadoree v. State*, 331 S.W.3d 514, 524 (Tex. App.—Houston [14th Dist.] 2011, pet ref'd).

Farmer principally attacks the sufficiency of the evidence to support the first element—that she exercised care, custody, control, or management over a controlled substance—and she does so by pointing to the alleged lack of direct evidence that she personally possessed the heroin or cocaine the officers found in the Honda. However, the State was not required to prove this element—or, indeed, any element—of Farmer's possession offenses with direct evidence; it has long been the law that a conviction for a criminal offense can be based on circumstantial evidence alone, and the standard of review for a circumstantial-evidence case is the same as for a direct-evidence case. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). While evidence leading to a strong suspicion or mere probability of guilt is insufficient to support a conviction, if the inferences made by the factfinder are reasonable in light of "the cumulative force of all the evidence when considered in the light most favorable to the verdict," the

5

conviction will be upheld. *Id.* (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)).

Here, the jury heard evidence of the following:

- 1015 East Morphy Street was located in a neighborhood with high narcotics activity.

- During the course of an unrelated narcotics investigation, an undercover narcotics officer twice personally observed activity at 1015 East Morphy Street that was consistent with illegal narcotics activity. The officer also received an independent report of suspected narcotics activity at that location from a neighborhood patrol officer.

- Undercover officers surveilled 1015 East Morphy Street and saw two individuals near Farmer's Honda who appeared to be acting as lookouts for law enforcement.

- A confidential informant purchased illegal narcotics from the person seated in the Honda's driver's seat.

- Before uniformed officers arrived, the undercover officers witnessed what they concluded was another person buying drugs from the person in the Honda.

- When Officer Snow approached the Honda, Farmer was the sole occupant, and she was seated in the driver's seat.

- Officer Snow saw a sandwich bag filled with pills in the Honda's center console.

- While Officer Snow was standing near her car, Farmer sped off in an attempt to flee from the officers.

- A search of the Honda revealed a Mentos candy bottle, located in the map pocket of the driver door, filled with capsules that contained cocaine and heroin; a shaving kit located on the front passenger seat that contained individual baggies and a digital scale; a bag of hypodermic needles located in the handle of the driver door; and Farmer's Texas identification card.

6

- One of the undercover officers testified that the baggies inside the shaving kit were the kind that were usually used to package smaller amounts of narcotics and matched the baggie that held the narcotics the confidential informant had purchased from Farmer. He also testified that the digital scale inside the shaving kit was a kind that was commonly used to weigh out smaller amounts of narcotics to sell.

We conclude that, viewed in the light most favorable to the jury's verdict, the above evidence and the reasonable inferences drawn from it are sufficient to support a jury finding beyond a reasonable doubt that Farmer (1) exercised actual care, custody, control, or management over the heroin and cocaine discovered in her vehicle, (2) intended to deliver the heroin and cocaine to another, and (3) knew that the heroin and cocaine in her possession were controlled substances. See Tex. Health & Safety Code Ann. §§ 481.002(36), .112(a); Cadoree, 331 S.W.3d at 524. We overrule Farmer's first issue.

## III. INEFFECTIVE ASSISTANCE

In her second issue, Farmer argues that she received ineffective assistance of trial counsel in violation of the federal and state constitutions. She was originally appointed counsel, but on March 7, 2016—the day before trial—her retained counsel filed a letter of representation stating that he represented her. Farmer contends that her retained counsel rendered ineffective assistance as demonstrated by several alleged deficiencies in his performance at trial, but she focuses primarily on her retained counsel's entry into the case less than twenty-four hours before trial, arguing that such a late entry into the case meant

7

that he could not and did not have an adequate amount of time to prepare for trial. Farmer acknowledges the familiar proposition that direct appeal is usually an inadequate vehicle for raising an ineffective-assistance claim, *e.g., Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012), but she contends that this appeal is one of the rare instances in which we can address such a claim on direct appeal because her counsel's ineffectiveness is apparent from the record, *see Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that her counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at

8

688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08. It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308.

To the extent Farmer argues that her counsel's appearance in her case less than a day before trial establishes that she received ineffective assistance of counsel, we conclude otherwise. The record is not only silent as to the reasons why Farmer's counsel did not appear in her case sooner, but it affirmatively reflects that she wanted to proceed to trial with her counsel despite his late entry into her case. Before the jury was seated, Farmer testified that her counsel had explained to her what was going on with her case. Her counsel then asked, "And even though I've just been hired, you decided you want me to stay on your case; is that correct?" Farmer replied, "Yes, sir." She also testified that her counsel had conveyed to her a plea offer from the State and that she had rejected that

9

offer. She acknowledged that it was her decision to reject the State's offer and that she decided that she wanted to proceed to trial. Because the record is silent as to why Farmer's counsel did not appear in her case until the day before trial, and given Farmer's affirmative decision to proceed with her counsel despite that fact, we cannot conclude that her counsel's late entry into this case is sufficient to establish the deficient-performance prong of the *Strickland* test. *See* 466 U.S. at 687, 104 S. Ct. at 2064; *Nava*, 415 S.W.3d at 307.

Farmer also complains of her counsel's "truncated and superficial" voir dire examination of the jury panel; failure to call any witnesses; minimal cross-examination of the State's witnesses; minimal objections to the testimony of the State's witnesses and the State's exhibits; inadequate offer of proof regarding her decision not to testify; and failure to object to the trial court's proposed jury charge or tender any requested special charges. She contends that all of this conduct establishes her ineffective-assistance claim. However, the record is silent regarding the reasons why Farmer's counsel conducted himself the way he did on all of these matters. *See Menefield*, 363 S.W.3d at 593. And we cannot say that the conduct described above was "so outrageous that no competent attorney would have engaged in it." *See id.* Thus, we cannot conclude that this conduct is sufficient to establish the deficient-performance prong of the *Strickland* test. *See id.* (holding that where the reasons for counsel's conduct do not appear in the record, "the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would

10

have engaged in it.'" (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005))).

We hold that Farmer has not met her burden to satisfy the first prong of the *Strickland* test—to establish that her retained counsel's representation was deficient. *See* 466 U.S. at 687, 104 S. Ct. at 2064; *Nava*, 415 S.W.3d at 307. Having so concluded, we need not address the second prong of the *Strickland* test. *See Williams*, 301 S.W.3d at 687. We overrule Farmer's second issue.

## IV. CONCLUSION

Having overruled Farmer's issues, we affirm the trial court's judgments.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 25, 2017



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NOS. 02-16-00110-CR
02-16-00111-CR
02-16-00112-CR

ANGELA D. FARMER     APPELLANT

V.

THE STATE OF TEXAS     STATE

---

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1418882D, 1418885D, 1418887D

---

## ORDER

---

We have considered "Appellant's Motion For Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of May 25, 2017 stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

SIGNED June 29, 2017.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

MEIER, J. would grant.

EXHIBIT C



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS. 02-16-00110-CR**
**02-16-00111-CR**
**02-16-00112-CR**

ANGELA D. FARMER                                    APPELLANT

V.

THE STATE OF TEXAS                                    STATE

---

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1418882D, 1418885D, 1418887D

---

## ORDER

---

We have considered "Appellant's Motion For Reconsideration En Banc."
It is the opinion of the court that the motion for reconsideration en banc should be and is hereby denied and that the opinion and judgment of May 25, 2017 stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.
SIGNED August 10, 2017.



/s/ Lee Gabriel

**LEE GABRIEL**
**JUSTICE**

EN BANC