

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0840-14

---

### KEIONA DASHELLE NOWLIN, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

---

**MEYERS, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Appellant was convicted of hindering apprehension after encouraging her boyfriend,

Demarcus Degrate, to run from United States Marshals who were arresting him. Because the

State alleged that Appellant knew that Degrate was charged with a felony, her offense was

elevated to a third-degree felony, and she was sentenced to four years in prison. Appellant

appealed, arguing that the evidence was insufficient to support her conviction. *Nowlin v.*

*State*, No. 10-12-00239-CR, 2014 Tex. App. LEXIS 5309 (Tex. App.–Waco May 15, 2014)

(mem. op.). The court of appeals found the evidence to be sufficient and affirmed Appellant's conviction. *Id*. at *12. We granted Appellant's petition of discretionary review to determine whether the evidence was legally sufficient to prove that she knew Degrate was charged with a felony offense.

**FACTS**

Degrate was charged in federal court with the offense of felon in possession of a firearm. His indictment was sealed. At the time of the incident, he was also on bond for state charges, but no evidence was presented as to what those charges were. Deputy United States Marshal Kevin Scott went to Degrate's address to execute the sealed federal warrant. When he saw Degrate and Appellant exit the home, Scott followed in his car, activated his lights and siren, and yelled at them to stop. At that point, Degrate fled and Scott immediately began chasing him. Scott testified that he did not hear Appellant say anything to Degrate and that he did not inform Appellant and Degrate why he was stopping them before Degrate began to flee.

United States Marshal Clayton Brown testified that he responded to the scene after Degrate began fleeing and that he came across Appellant and heard her shouting "Run baby run! Get away." Brown also explained that all of the officers were wearing clothing that labeled them as such, and therefore, it would have been easy to identify them.

Deputy United States Marshal Anton Slavich was a backup officer who arrived on the scene shortly after. He testified that he saw Appellant running while he was pursuing

Degrate, and decided to go after her. He was able to stop her and detained her in his car in order to find out why she was running. She then attempted to flee from the car, but Slavich caught up with her and placed her under arrest for escape. He testified that she stated to him that when she saw the officers, she told Degrate, "Those are the marshals." or "That's the laws. Run." Slavich testified that Appellant explained to him that she knew the cars that the Marshals drove because people in the neighborhood had pictures of them. Appellant also told Slavich that she did not want Degrate to get arrested and knew that he was out on bond for the state charges and that he was supposed to turn himself in on Wednesday of that week for failing to make payments. Slavich also testified that Appellant had "Demarcus Degrate" tattooed across her chest, near her collarbone.

At the conclusion of the presentation of evidence, the trial court found Appellant guilty of the third-degree felony of hindering apprehension and sentenced her to four years in prison.

## COURT OF APPEALS

Appellant appealed her conviction, arguing that the evidence was insufficient to show that she "warned" Demarcus Degrate of impending apprehension or that she had knowledge that Degrate was charged with a felony offense. *Nowlin*, 2014 Tex. App. LEXIS 5309 at *1.

Appellant asserted that she could not "warn" Degrate of impending apprehension because he was already aware of the officers' presence when she said something to him. However, the court of appeals held that Slavich's testimony about what Appellant had said

to Degrate provided sufficient evidence to establish that Appellant had "warned" Degrate of discovery or apprehension. *Id*. at *9-10. This issue is not being considering in the present case.

Appellant also challenged the sufficiency of the evidence enhancing her conviction for hindering apprehension from a misdemeanor to a third-degree felony under Texas Penal Code section 38.05(d). *Id*. at *10-11. She argued that, because the federal warrant was sealed and no one testified about the offense for which Degrate was on bond, the evidence did not show that she knew Degrate was charged with a felony. *Id*.

The court of appeals, however, disagreed. It pointed out that Appellant admitted that she knew Degrate had a problem with his bond and that she did not "want her man to get arrested." *Id*. at *11. She also recognized the Marshals' vehicles and warned Degrate that they were there to arrest him. *Id*. The court of appeals also asserted that having Degrate's name tattooed on her indicated that Appellant and Degrate had a close relationship. *Id*. Finally, it considered the fact that Appellant made attempts to escape apprehension herself. *Id*. Relying on these pieces of evidence, the court of appeals held that it was not unreasonable for the trial court to infer that she had knowledge that Degrate was charged with a felony and affirmed the judgment of the trial court. *Id*. at *11-12. Justice Gray dissented without an opinion.

## ARGUMENTS OF THE PARTIES

Appellant argues that, because the federal indictment was sealed, it was kept secret,

and she could not have had knowledge of its existence. Further, there was no evidence presented as to what state offense Degrate was on bond for or that Appellant knew what offense he was on bond for. Appellant never stated that she knew what Degrate was charged with, and none of the officers testified that they told either Appellant or Degrate what offense they were arresting Degrate for. Appellant asserts that having a close relationship with Degrate cannot go to show that she had knowledge of the charges against Degrate when that indictment was sealed, and neither of them could have known about the felony arrest warrant. Appellant concludes that, while the evidence may have shown that she "did not want her man to get arrested," none of the evidence tended to prove that she knew Degrate was charged with a felony and, therefore, the State failed to prove an element of the crime for which Appellant was convicted. Appellant asks us to reverse the judgment of the court of appeals and remand the case to the trial court with instructions to enter a judgment of acquittal.

The State argues that the evidence was, in fact, sufficient, and that we should uphold the judgment of the court of appeals. It says that the intimate relationship between Appellant and Degrate is evidence that she knew about important details of his life, including what crimes he had committed and what he was wanted for. The State asserts that Appellant knew about Degrate's criminal charges and that he was going to be arrested, which is sufficient to prove that she knew he was wanted on a felony charge. The State also argues that Appellant's warning to Degrate to run and her own attempt to flee custody are additional evidence that she had knowledge of the serious nature of Degrate's criminal conduct. It posits that she took

the risk of fleeing because she had knowledge of the seriousness of the charges against Degrate. Finally, the State reasons that, because Appellant knew the marshals' vehicles on sight and stated that she "didn't want her man to get arrested," she knew they were there to arrest Degrate and, because of their close relationship, she knew why. The State maintains that whether the indictment was sealed is irrelevant because Appellant's actions, admissions, relationship with Degrate, and knowledge of his criminal activity are sufficient to prove her knowledge of Degrate's charges and uphold her conviction.

In the alternative, the State explains, if we find the evidence of Appellant's knowledge of Degrate's charges to be insufficient, then we should reform the judgment to the lesser-included offense of misdemeanor hindering apprehension rather than enter an acquittal. *Canida v. State*, 434 S.W.3d 163, 166 (Tex. Crim. App. 2014) (citing *Thornton v. State*, 425 S.W.3d 289 (Tex. Crim. App. 2014)). The State asserts that, because knowledge of Degrate's felony charge is an aggravating factor, all of the essential elements of misdemeanor hindering apprehension have necessarily been found by the factfinder.

## SUFFICIENCY OF THE EVIDENCE

It is our responsibility to ensure that the verdict is supported by the evidence the State presented and that the evidence is legally sufficent to prove each element of the offense charged. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). In evaluating whether the evidence presented in a case was sufficient to support a conviction, we examine the evidence in the light most favorable to the verdict and determine whether any rational

trier of fact could have found each essential element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008). If a rational trier of fact would necessarily have a reasonable doubt as to the defendant's guilt, due process requires the conviction to be reversed. *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003) (citing *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992)). We defer to the factfinder's determinations on witnesses' credibility and the weight to be given to their testimony and do not substitute our judgment on these matters. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). If there are conflicting inferences that could be supported by the evidence in the record, we assume that the factfinder resolved the conflict in favor of the prosecution, even if that resolution is not explicitly within the record. *Id*. at 899 n. 13 (quoting *Jackson*, 443 U.S. at 326).

Because factfinders are permitted to make reasonable inferences, both direct and circumstantial evidence are probative to a case and it is possible for circumstantial evidence alone to be enough to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 14-15 (Tex. Crim. App. 2007); *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (citing *Miles v. State*, 73 Tex. Crim. 493, 165 S.W. 567, 570 (Tex. Crim. App. 1914)). The standard of review for sufficiency of the evidence is the same whether the evidence is direct or circumstantial. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Not every fact presented must directly indicate the defendant is guilty, but the cumulative force of the evidence can be sufficient to support a finding of guilt. *Beardsley v. State*, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987).

A strong suspicion or mere probability of guilt are insufficient. *Id*. In examining the evidence, factfinders are not permitted to make conclusions based on unsupported inferences or to guess at the possible meaning of a piece of evidence. *Hooper*, 214 S.W.3d at 15-16. While such a guess may be a reasonable one, it is not sufficient to support a finding of an element beyond a reasonable doubt because it is not based on facts. *Id*. However, where the inferences made by the factfinder are reasonable in light of "the cumulative force of all the evidence when considered in the light most favorable to the verdict," the conviction will be upheld. *Wise*, 364, S.W.3d at 903.

In order to show that the evidence presented was legally sufficient to support a conviction of felony hindering apprehension, the State must prove that: (1) the defendant warned another person of impending discovery or apprehension, (2) the defendant had the intent to hinder that individual's arrest, and (3) the defendant had knowledge that the individual was under arrest for, charged with, or convicted of a felony. *See* TEX. PENAL CODE § 38.05(a), (d). Only the last element, knowledge of the individual's being charged with a felony, is being challenged in this case. With respect to this offense, an individual acts with knowledge when he is aware that the circumstances exist. TEX. PENAL CODE § 6.03(b). Therefore, the State had to prove that Appellant was aware that Degrate was under arrest for, charged with, or convicted of a felony.

**ANALYSIS**

The court of appeals affirmed Appellant's conviction based on the evidence of her

knowledge about Degrate's state bond, the fact she recognized the Marshals' vehicles, her close relationship with Degrate (evidenced by the tattoo), and her own escape attempt. While the court of appeals held that this was sufficient evidence of Appellant's knowledge of Degrate's federal felony charge, we do not agree.

First, the state offense that Degrate was on bond for cannot serve as the basis for Appellant's conviction. While the evidence submitted indicated that Appellant knew Degrate was out on bond for some offense, nothing was presented that showed what that offense was. Thus, the court had no way of determining whether the state offense that Degrate was charged with was a felony. Further, there was no testimony that Appellant knew what the state offense was or whether it was a felony. Therefore, there was insufficient evidence regarding the state crime that Degrate was charged with in order for it to serve as the felony needed for Appellant's conviction.

Next, we turn to the federal offense for which the marshals were arresting Degrate on the day in question. Degrate was charged with felon in possession of a firearm, which is a felony, and therefore, if the State proved that Appellant knew of the charge, her felony conviction is valid. However, Degrate's federal indictment was sealed. Federal Rule of Criminal Procedure 6(e)(4) states:

> The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. The clerk must then seal the indictment, and no person may disclose the indictment's existence except as necessary to issue or execute a warrant or summons.

There are various purposes for sealing an indictment, including, but not limited to, protection of potential witnesses or facilitation of an arrest. *United States v. Wright*, 343 F.3d 849, 858 (6th Cir. 2003); *United States v. Srulowitz*, 819 F.2d 37, 40 (2nd Cir. 1987); *see also United States v. DiSalvo*, 34 F.3d 1204, 1218 (3rd Cir. 1994) ("An indictment may be sealed for any legitimate law enforcement reason or where the public interest requires it."); *United States v. Ellis*, 622 F.3d 784, 793 (7th Cir. 2010) (holding that sealing an indictment for the security of witnesses and to protect against witness tampering was proper); *United States v. Edwards*, 777 F.2d 644, 647-48 (11th Cir. 1985) (holding that locating and gaining custody over a defendant is not the only valid reason for sealing an indictment).

As the rule states, the existence of the indictment may be kept secret except as necessary to execute the warrant. There was no evidence presented that either Degrate or Appellant had found out about the indictment prior to the arrest, nor did any of the officers testify that they ever stated what they were arresting Degrate for on that day. With this mandated secrecy and the lack of evidence that he was told about the indictment during the attempt to arrest him, Degrate could not have known that he was under indictment for felon in possession of a firearm. Thus, it is impossible for him to have told Appellant about the indictment or what offense it charged him with.

The court of appeals pointed to a variety of factors that it believed indicated that Appellant knew about the felony charges against Degrate, such as her close relationship with

him and her own attempt to escape. However, with zero evidence of Degrate having knowledge of the indictment, all of the factors discussed by the court of appeals are just unsupported inferences. It does not matter how close the relationship between Degrate and Appellant was if he did not have knowledge of the felony charges himself. Nor do we see how a reasonable factfinder could infer that attempting to escape arrest herself means that Appellant knew of the charges against Degrate. While the inferences that the court of appeals makes would likely be reasonable ones had there been any evidence of Degrate himself having knowledge of the indictment, no such evidence was ever presented. In fact, the evidence that the indictment was sealed and that no Marshals explained the charge against Degrate when making the arrest indicates that Degrate could not have had knowledge of the charge.

Because the indictment was ordered to be sealed and there was no evidence that either Degrate or Appellant was told or knew about its existence, the evidence presented was insufficient for a reasonable factfinder to have found beyond a reasonable doubt that Appellant knew Degrate was charged with a felony. Therefore, her felony conviction of hindering apprehension cannot be upheld.

However, as the State asserts, the trial court necessarily found each element of the lesser-included offense of misdemeanor hindering apprehension and the evidence is sufficient to support a conviction on that offense. Therefore, under *Thornton*, 425 S.W.3d at 299-300, rather than acquitting Appellant, we must reform her conviction to misdemeanor

hindering apprehension and remand the case to the trial court for a new punishment hearing.

## CONCLUSION

The evidence in this case was insufficient to support Appellant's felony conviction. However, the State is correct in asserting that the element of knowledge that Degrate was being arrested for a felony offense is an aggravating factor and, therefore, the trial court necessarily found the essential elements of misdemeanor hindering apprehension. Therefore, we reform the judgment to reflect a conviction of misdemeanor hindering apprehension and remand the case to the trial court to conduct a new punishment hearing.


Delivered: October 28, 2015

Publish