# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-16-00093-CR

James Lee Knight, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-15-0207-SA, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant James Lee Knight guilty of possession of a controlled substance, methamphetamine, with intent to deliver, in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code § 481.112(a), (d). The trial court assessed punishment at 10 years' imprisonment, probated for 10 years. In two issues, Knight contends that the evidence is insufficient to support his conviction. We will affirm the trial court's judgment of conviction.

## BACKGROUND[1]

Officers with the Tom Green County Sheriff's Office, through a cooperating individual, arranged to purchase an ounce of methamphetamine. The cooperating individual told

---

[1] The facts recited in this opinion are taken from the testimony and other evidence presented at trial.

officers that he could obtain the drugs through Virginia Lara. Lara, in turn, arranged to purchase the methamphetamine in a parking lot in San Angelo from Cort Harris (or Harrison).

Officers waiting at the parking lot observed a truck arrive "at a very high rate of speed" and park. Lara got in the truck, and several minutes passed. Officers then approached the vehicle and arrested its occupants. Harris was in the driver's seat, Knight was in the front passenger seat, and Lara was in the rear passenger seat. The officers found a cigarette pack containing about 28 grams (or one ounce) of methamphetamine in the driver's seat and a glass pipe in the center console. When arrested, Knight was wearing gloves with hard composite knuckles on both hands and metal knuckles underneath the glove of his right hand. Knight also had $1,345 in cash in his pocket. Knight was later charged with possession of a controlled substance with intent to deliver. He was tried, found guilty, and sentenced, and this appeal followed.

### STANDARD OF REVIEW

In reviewing the sufficiency of the evidence to support a conviction, we determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). In making this determination, we consider all evidence that the trier of fact was permitted to consider, regardless of whether it was rightly or wrongly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Allen v. State*, 249 S.W.3d 680, 688–89 (Tex. App.—Austin 2008, no pet.). We view this evidence in the light most favorable to the verdict. *Clayton*, 235 S.W.3d at 778. The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id.* The jury may choose to believe all, some, or none of the witnesses

2

at trial. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Walker v. State*, No. 03-14-00473-CR, 2016 WL 2942398, at *5 (Tex. App.—Austin May 10, 2016, pet. ref'd) (mem. op., not designated for publication). Therefore, we presume that the jury resolved any conflicting inferences and issues of credibility in favor of the verdict. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015); *Walker*, 2016 WL 2942398, at *5.

## DISCUSSION

In two issues, Knight contends that the evidence is insufficient to support his conviction because the evidence does not support the conclusion that he knew the quantity of the methamphetamine or that he was criminally responsible for Harris's actions through the law of parties.

Under the law of parties, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both," and "[e]ach party to an offense may be charged with the commission of the offense." Tex. Penal Code § 7.01(a), (b). "A person is criminally responsible for an offense committed by the conduct of another if . . . acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense . . . ." *Id.* § 7.02(a)(2). Intent to assist or promote may be inferred from the acts, words, and conduct of the defendant and from the circumstances in which the offense occurred. *Roberts v. State*, 319 S.W.3d 37, 49 (Tex. App.—San Antonio 2010, pet. ref'd); *see Robinson v. State*, No. 03-14-00407-CR, 2015 WL 4515128, at *2 (Tex. App.—Austin July 22, 2015, pet. ref'd) (mem. op., not designated for publication) (same).

3

To be deemed criminally responsible as a party, there must be evidence of "an understanding and common design to commit the offense." *Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012). When reviewing the sufficiency of that evidence, appellate courts may consider "'events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act.'" *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative effect of all the incriminating facts are sufficient to support the conviction." *Id.* In addition, "[m]otive is a significant circumstance indicating guilt," and intent may "be inferred from circumstantial evidence." *Id.* at 50.

According to evidence that the State presented at trial, Harris arrived at the parking lot at a high rate of speed and carrying about an ounce of methamphetamine, the amount that the cooperating individual had arranged to buy. Knight sat beside him, and there was a glass meth pipe in the console between them. Knight wore metal knuckles. He also carried over $1,300 in cash, and this cash was arranged in "drug folds," organized in increments corresponding to separate methamphetamine transactions. An officer testified that a person selling this much methamphetamine—worth over $1,000—would "need security to make sure that nobody would try to steal from them" and that drug dealers "also use enforcers and use muscle or security to extort [more] money out of the buyer." The officer further opined that Knight was acting as an enforcer for Harris during this transaction.

Viewing this evidence in the light most favorable to the jury's verdict, we conclude that a reasonable jury could have concluded that Knight acted as "security" or an "enforcer" for the

4

drug transaction between Harris and Lara. Knight was armed with metal knuckles, was carrying cash separated into increments suggesting that the money had come from previous drug sales, and remained in the vehicle after Lara entered to purchase the methamphetamine from Harris as previously arranged. By providing "security" for Harris, Knight committed acts encouraging and aiding the illegal transaction. *See* Tex. Penal Code § 7.02(a)(2).

Moreover, we conclude, and Knight does not dispute, that the evidence is sufficient to support a finding that Harris committed each element of possession of a controlled substance with intent to deliver in an amount of four grams or more but less than 200 grams, the offense with which Knight was charged. *See* Tex. Health & Safety Code § 481.112(d). That is, Harris knowingly possessed about 28 grams of a controlled substance, methamphetamine, with the intent to deliver it to Lara. Because Knight encouraged and aided the transaction, he is criminally responsible for Harris's conduct. *See* Tex. Penal Code §§ 7.01(a), (b), 7.02(a)(2). Therefore, we conclude that the evidence is sufficient to support Knight's conviction. *See Webster v. State*, No. 09-07-594 CR, 2008 WL 2757048, at *3 (Tex. App.—Beaumont July 16, 2008, no pet.) (mem. op., not designated for publication) (holding evidence sufficient to support conviction for delivery of controlled substance when State presented evidence that appellant acted as "enforcer" during drug transaction). Accordingly, we overrule Knight's appellate issues.[2]

## CONCLUSION

We affirm the judgment of conviction.

---

[2] Because we conclude that the evidence is sufficient to support Knight's conviction under the law of parties, we need not address his remaining arguments.

5

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:  November 16, 2016

Do Not Publish