**AFFIRMED and Opinion Filed December 6, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00337-CR

**MANUEL GONZALEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. M2047031**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Goldstein

Manuel Gonzalez appeals his driving while intoxicated (DWI) conviction. A jury convicted Gonzalez and sentenced him to 144 days in county jail. In a single issue, Gonzalez argues the evidence is insufficient to support his DWI conviction because the State did not prove beyond a reasonable doubt that he was intoxicated. We affirm the trial court's judgment.

## BACKGROUND

In January 2020, Gonzalez was charged by information with DWI. At a jury trial in February 2020, Antonio Puente testified he is a detention officer with the Dallas County Sheriff's Department. On January 3, 2020, at approximately 9:30

p.m., Puente was driving to work when he saw Gonzalez driving a blue SUV. Puente called 911 because he saw Gonzalez "go up onto the sidewalk" when he was making a turn and stop in the middle of the road. Puente stayed on the phone with the 911 operator while Gonzalez started moving again, almost swiped the side of Puente's truck, and almost hit another car as he turned in to a grocery store parking lot. Gonzalez "parked in the middle of the driveway of the parking lot" and "floored the gas." A police officer pulled up in front of Puente, and the 911 operator told him to "follow and park" so that he could talk to one of the officers.

Rowlett police officer Wyatt Hawkins testified he was dispatched to the scene and was given a description of the vehicle a witness reported had been driving on the sidewalk. Hawkins saw the vehicle waiting at an intersection, and he pulled the vehicle over into the parking lot of a nearby 7-Eleven after the light turned green. Hawkins got out of his car, approached the vehicle, and identified himself. The driver of the vehicle, appellant, had a cell phone in his hand, and someone was on the line stating an address. Hawkins requested appellant's identification, and appellant "pulled out a small card holder and pulled out the contents and rifled through them several times." Appellant "passed over his state ID multiple times" and handed Hawkins a social security card prior to locating his identification card. Hawkins testified the fact that appellant could not find his identification card could be a sign of intoxication.

At this point in the encounter, Hawkins had not detected any odor of alcohol, but officer Williamson, another officer at the scene, had approached the passenger side of appellant's vehicle and noticed appellant "had a white powdery substance in his nose." Williamson testified he observed appellant talking to Hawkins, and appellant seemed "discombobulated" and "lethargic" and was "making some weird gestures." Williamson shared his observations with Hawkins, and Hawkins determined that a drug recognition expert should be called to the scene. Williamson also said he smelled alcohol on appellant and observed a liquid in the passenger seat of the vehicle, but he was not sure what the liquid was.

A drug recognition expert was not available, so the officers discussed performing standardized field sobriety tests (SFSTs) on appellant because they can indicate intoxication from substances other than alcohol and can be a stronger indicator of intoxication than odor on its own. When asked to perform the SFSTs, appellant refused. Williamson ordered appellant to exit his vehicle and walk back along the side of the vehicle. As he walked back, appellant held his left hand against the vehicle "bracing himself." Williamson testified appellant was "holding for support" more than limping. Appellant's eyes appeared "glassy," his speech was "very thick tongued" and "slurred," and he was "bobbing his head." Williamson attempted to turn around "to give him a place to sit," but appellant did not seem to understand what Williamson was saying. Instead, appellant stood with his hands on the back of his vehicle as he answered questions. When asked what was in his nose,

appellant said he had "sinus problems." Appellant said he had consumed alcohol earlier and stated the amount was "half a beer."

Hawkins made the decision to arrest appellant after conferring with the other officers and hearing what they had observed. After Hawkins placed appellant under arrest, appellant became angry and began to use racial slurs and profanity as he was walked toward the rear of Hawkins' car. Hawkins smelled alcohol on appellant when he handcuffed appellant. As he was led to the squad car, appellant said there was a "metal rod" in his leg. Hawkins testified there was no doubt in his mind that appellant was intoxicated when he was placed under arrest. Hawkins searched appellant's car. Once he was inside appellant's vehicle, Hawkins noticed an odor of alcohol and found an open twenty-five-ounce container of beer under the passenger's seat. The beer was approximately half full and was not cold to the touch. The jury convicted appellant of DWI, and this appeal followed.

## STANDARD OF REVIEW

When reviewing whether there is legally sufficient evidence to support a criminal conviction, the standard of review we apply is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). This standard tasks the factfinder with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts. *Id.* On appeal, reviewing courts

–4–

"determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Appellate courts are not permitted to use a "divide and conquer" strategy for evaluating sufficiency of the evidence because that approach does not consider the cumulative force of all the evidence. *Murray v. State*, 457 S.W.3d 446, 448–49 (Tex. Crim. App. 2015). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *See Hooper v. State*, 214 S.W.3d 9, 12 (Tex. Crim. App. 2007).

## DISCUSSION

A person commits the offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place. TEX. PEN. CODE ANN. § 49.04(a). Intoxication is defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body," or "having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2).

Appellant argues that Puente's observations about appellant's driving lacked sufficient detail from which the jury could infer that appellant had lost the normal use of his mental or physical faculties. The evidence that appellant was talking on his phone while driving, appellant argues, established that he was guilty only of "possible bad driving or distracted driving." Appellant focuses on the initial phase

–5–

of the stop and emphasizes that Hawkins did not smell alcohol on appellant at the beginning of the encounter. Appellant also refers to appellant's "responsive and agile" physical actions shown in the body cam video in which appellant does not drop his phone, does not forget to unbuckle his seat belt as he exits his vehicle, and does not have trouble opening his door.

Appellant does not mention other portions of the body cam video, viewed by the jury, showing appellant bobbing his head, leaning against the back of his car, failing to respond to Williamson's request to turn around, and inability to elaborate on the "sinus problems" that accounted for the white powder on his nose. When asked to describe the size of the "half a beer" he consumed, appellant responded by indicating with the thumb and forefinger of his left hand but did not respond verbally. Instead, appellant brushed at his nose, mentioned his "sinus," and stated, "I work in a warehouse." Appellant also ignores Hawkins' testimony that he smelled an odor of alcohol on appellant when he was handcuffed, though he did not smell alcohol initially. Moreover, Hawkins testified there was no doubt in his mind that appellant was intoxicated when he was placed under arrest.

The jury was free, in its role as the sole judge of the weight and credibility of the evidence, to resolve any conflicts in the evidence against appellant. *Jackson*, 443 U.S. at 319. Based on a review of the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant operated a motor vehicle in a public place while intoxicated. *See*

*Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015) ("[W]here the inferences made by the factfinder are reasonable in light of 'the cumulative force of all the evidence when considered in the light most favorable to the verdict,' the conviction will be upheld.").

We overrule appellant's sole issue and affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200337F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

MANUEL GONZALEZ, Appellant

No. 05-20-00337-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 2, Dallas County, Texas Trial Court Cause No. M2047031. Opinion delivered by Justice Goldstein. Justices Molberg and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 6, 2021