

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00534-CR

Michael Hurley **YOUNG**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court At Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-22-0308
Honorable Kirsten Legore, Judge Presiding

Opinion by:  Rebeca C. Martinez, Chief Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Adrian A. Spears II, Justice

Delivered and Filed: July 9, 2025

AFFIRMED

A jury convicted appellant Michael Hurley Young of driving while intoxicated with a blood alcohol concentration of 0.15 or more, a Class A misdemeanor, TEX. PENAL CODE ANN. § 49.04(a), (d), and it assessed punishment at confinement in jail for three-hundred-and-sixty-five days, probated for a period of eighteen months. The trial court signed a final judgment in accordance with the jury's verdict. In three issues, Young complains that: (1) the trial court abused its discretion when it allowed two law enforcement officers to testify about material captured on body

camera that was destroyed; (2) the evidence is legally[1] insufficient to sustain the verdict; and (3) the trial court committed fundamental error affecting Young's substantial rights when it allowed his statements to be used against him when the electronic footage containing the statements was destroyed. We affirm.

## I. BACKGROUND

At trial, Kerre Eppinger testified that, on one evening, she was watching a movie in the front room of her home when she heard a loud crash outside. In what Eppinger estimated to be "15 seconds, maybe 30 seconds," she ran to her gate and saw that a vehicle had flipped over. Eppinger next described:

> I called 911 and then my daughter and I walked over to the vehicle that was laying on it's side. We got there. The gentleman was standing outside of the vehicle. I asked him if he was okay, he said yes, and then I asked him his name and he wouldn't give me his name and the whole time I'm on the phone with 911 because like I said, I called them because I thought that somebody was hurt. And — and then I noticed that there were beer cans everywhere and he was slurring his words and kind of staggering.

Eppinger did not see anyone else when she first visualized the tipped over vehicle. Eppinger recalled that Young told her not to call the police. However, she was already on the phone. Eppinger then saw another man arrive in a pickup truck, and he used a chain or rope to flip the vehicle right-side-up. Eppinger believed that Young was intoxicated because he seemed to be staggering a little bit, had slurred speech, and wreaked of alcohol. When Eppinger asked Young for his name, he laughed and asked the same of her. On cross examination by Young, Eppinger admitted that she did not see Young behind the wheel of the vehicle.

---

[1] Young argues that the evidence is factually insufficient. However, the "Texas Court of Criminal Appeals has abandoned factual sufficiency analysis, holding 'that the J*ackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.'" *Rivera v. State*, 708 S.W.3d 732, 741n.2 (Tex. App.—San Antonio 2024, pet. ref'd) (quoting *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.)). We liberally construe Young's second issue as a legal sufficiency challenge.

Kimberly Gamble testified that, on the same evening, she was driving her son back to their home after dinner when she saw what she believed to be a Jeep "turned on it[]s side." Gamble called 9-1-1 because she did not know if someone had been hurt in the rollover. She drove closer to the vehicle, and she saw Young standing near it. Gamble described her encounter with Young as:

> When I drove up and he was standing there I could see some stuff like in the road, like tools and maybe stuff you'd have in the back of the truck and I drove up there and I — I asked him if he was okay and he, I don't remember exactly what he said, but he wasn't too happy that I was there and he was kind of rude. So, I — I just said I was just checking to make sure you were okay.

Gamble believed Young might have been intoxicated because he "was slurring his words when I talked to him and he was not nice at all." Indeed, Gamble described Young as "angry." Gamble further described that Young was walking around and "just seemed like he was kind of off." Gamble did not see anyone else in the area around the vehicle. On cross examination by Young, Gamble admitted that she never saw Young behind the wheel and that it was her assumption that Young was driving the vehicle before it tipped over. Gamble also acknowledged that she did not know whether someone else was driving the vehicle, and, after it tipped over, exited and hid in nearby brushes.

Isaac Reyna, a deputy with the Guadalupe County Sheriff's Office, testified that he was dispatched to the scene of a possible rollover. Deputy Reyna held the scene until a state trooper could arrive and take over the investigation. Young told Deputy Reyna that he owned the vehicle that had tipped over, and that, as he was taking a sharp turn, gravel on the roadway caused his vehicle to tip over. Deputy Reyna noticed that Young had slurred speech. Deputy Reyna did not save the body camera footage of his encounter with Young, and it was deleted after a certain amount of time. He did, however, preserve his dashcam footage.

Lee Castillo, a trooper with the Texas Department of Public Safety, took over the investigation from Deputy Reyna. Young admitted to Trooper Castillo that he had been driving the vehicle and that he had consumed two Miller Lights. However, Trooper Castillo detected a strong odor of alcoholic beverage coming from his breath. He also noticed that Young had a thick, slurred speech, his eyes were red and glassy, and he seemed a little bit annoyed by Trooper Castillo's questions. Trooper Castillo asked Young to perform several standardized field sobriety tests. Young, in Trooper Castillo's estimation, did not take the field sobriety tests seriously. Indeed, Trooper Castillo characterized Young as being "very uncooperative." Young refused to voluntarily submit to either a breath or a blood sample. Therefore, Trooper Castillo obtained a search warrant. The search warrant was executed at Guadalupe Regional Medical Center, where a phlebotomist drew Young's blood for testing. Trooper Castillo acknowledged that the body camera footage from a camera on his person was corrupted or malfunctioned. However, the video from his dashcam was preserved, and the trial court admitted it into evidence without objection. On direct examination by the State, Trooper Castillo reviewed the portion of his dashcam showing the field sobriety tests that Young performed. On cross examination by Young, Trooper Castillo acknowledged that he did not look around the area for anyone else who may have possibly operated the vehicle.

Benny Rosales, a forensic scientist with the Texas Department of Public Safety, tested Young's blood sample. Rosales testified that Young's blood contained a blood-alcohol concentration of 0.169 grams of alcohol.

The jury convicted Young of driving while intoxicated with a blood alcohol concentration of 0.15 or more, and it assessed punishment at confinement in jail for three-hundred-and-sixty-five

days, probated for a period of eighteen months. The trial court signed a final judgment in accordance with the jury's verdict. Young timely appeals from the trial court's final judgment.

## II. DISCUSSION

In Young's first issue, he argues that the trial court abused its discretion when it allowed Deputy Reyna and Trooper Castillo to testify about material "captured on body camera" that was destroyed. Specifically, Young argues that such error violates the Confrontation Clause of the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend. VI. ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."). The State responds by arguing, among other things, that Young's first issue is unpreserved because he did not object on Confrontation Clause grounds during the testimony of Deputy Reyna and Trooper Castillo. *See* TEX. R. APP. P. 33.1(a). Error based on violations of the Confrontation Clause must be preserved. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (holding defendant failed to preserve error on Confrontation Clause ground because, although he objected at pretrial hearing to admission of statement on Confrontation Clause ground, he did not assert that objection at trial). Young directs us to no timely objection and ruling on Confrontation Clause grounds, and our review of the record reveals none. We overrule Young's first issue.

In Young's third issue, he argues that the trial court committed fundamental error affecting his substantial rights when it allowed his statements to be used against him when the electronic footage containing the statements was destroyed. Specifically, Young asserts that his statements were made as part of a custodial interrogation and that Deputy Reyna's and Trooper Castillo's recollection of them were subject to the provisions of section 3 of article 38.22 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. 38.22, §3.[2] As with Young's first issue,

---

[2] Section 3 of article 38.22 of the Texas Code of Criminal Procedure provides:

the State responds by arguing, among other things, that Young's third issue is unpreserved because he did not object on article 38.22 grounds during the testimony of Deputy Reyna and Trooper Castillo. Article 38.22 violations are subject to preservation under Texas Rule of Appellate Procedure 33.1. *See Leza v. State*, 351 S.W.3d 344, 353 n.28 (Tex. Crim. App. 2011) (holding that a complaint of a specific article 38.22 violation must be preserved for appeal); *Resendez v. State*, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009) ("Neither of the appellant's written motions to suppress preserved his Article 38.22 complaint for appeal."). Young directs us to no timely objection and ruling on article 38.22 grounds and our review of the record reveals none. We overrule Young's third issue.

In Young's second issue, he contends that the evidence is legally insufficient to sustain the verdict. Young argues that "[n]o one saw [him] drive the vehicle, or even whether anyone else was in the vehicle at the time of the incident." Young emphasizes that Eppinger, Gamble, Deputy Reyna, and Trooper Castillo each admitted that they did not witness him driving the vehicle. Young implicitly argues that the recollections of Deputy Reyna and Trooper Castillo of him admitting to drinking alcohol and driving the vehicle should somehow be discounted in our sufficiency analysis because their body camera footage was not preserved.

---

(a)     No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:

(1)     an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;

(2)     prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;

(3)     the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;

(4)     all voices on the recording are identified; and

(5)     not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article.

TEX. CODE CRIM. PROC. ANN. 38.22, §3.

Under the appropriate standard of review, we examine all the evidence in the light most favorable to the verdict and resolve all reasonable inferences from the evidence in favor of the jury's verdict to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). Circumstantial evidence is as probative as direct evidence to establish guilt, and we review circumstantial and direct evidence under the same standard of review. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

"A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a). Eppinger testified that she was able to visualize the flipped over vehicle about "15 seconds, maybe 30 seconds" after she heard a loud crash. Eppinger saw Young standing outside the flipped over vehicle. Similarly, Gamble happened upon the scene and saw Young near the flipped over vehicle. Moreover, Young admitted to Deputy Reyna and Trooper Castillo that he had driven the vehicle. The evidence is, therefore, sufficient to support the jury's finding that Young was driving the vehicle at the time that it flipped over. We overrule Young's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH