

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

04-24-00526-CR

Alfred Fabian **FARIAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court Nos. 731782
Honorable Mary Roman, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:        Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice
                H. Todd McCray, Justice

Delivered and Filed: July 16, 2025

AFFIRMED

Following a jury trial, Alfred Fabian Farias was convicted of two counts of Terroristic Threats under Texas Penal Code Section 22.07(a)(2). Farias contends that the evidence was legally insufficient to support his one conviction for making terroristic threats against complainant. We affirm.

## Background

On April 9, 2024, Farias and complainant's husband became involved in a verbal altercation outside complainant's home. Complainant was home at the time. She came to the front porch, saw the confrontation between Farias and her husband, and called the police. According to testimony, the encounter escalated, and Farias pulled out a knife and threatened "I am going to kill both of you." Complainant testified she felt threatened by Farias's act of pulling the knife during a heated argument. She testified Farias was about ten feet from her at the time and it would take only "a few seconds" for him to reach her on the porch. She drew her gun in response—feeling "extremely threatened" for both her and her husband's life—believing that Farias was going to attack them both.

In the underlying matter, Farias was convicted of making a terroristic threat against complainant. Farias appeals.

## Standard of Review

In determining whether the evidence is sufficient to support each element of a criminal offense, we follow the *Jackson v. Virginia* legal-sufficiency standard, which requires a reviewing court to view the evidence in the light most favorable to the verdict. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This means the reviewing court must give deference to the jury's credibility and weight determinations, as the jury is the sole judge of the witness's credibility and the weight to be given their testimony. *Brooks,* 323 S.W.3d at 899. "[W]e examine all the evidence in the light most favorable to the verdict and resolve all reasonable inferences from the evidence in favor of the jury's verdict to determine whether any rational trier of fact could have found the essential elements of the charged offense

beyond a reasonable doubt." *Briones v. State*, 692 S.W.3d 828, 832 (Tex. App.—San Antonio 2024, no pet.) (citing *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015)).

"In reviewing the sufficiency of the evidence, we should look at events occurring before, during[,] and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quotations omitted). "Intent can be inferred from the acts, words, and conduct of the accused." *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982)

A victim's reaction is also some evidence of the defendant's intent. *See Phillips v. State*, 401 S.W.3d 282, 293 (Tex. App.—San Antonio 2013, pet. ref'd) ("The desired and sought after reaction of the listener, regardless of whether the threat is carried out, constitutes some evidence of the intent of the protagonist."). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Cordova v. State,* 698 S.W.2d 107, 111 (Tex. Crim. App.1985).

### ANALYSIS

Farias asserts the evidence presented to the jury was legally insufficient to support the judgment of conviction for terroristic threats against complainant. More specifically, Farias argues the jury charge asked the jury to determine whether Farias "threatened serious bodily injury or death **to [complainant]**, with intent to place [complainant] in fear of imminent serious bodily injury" and that such a finding was impossible given that complainant testified the threats were communicated to her husband. We disagree.

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). Such a charge accurately states the statutory requirements without improperly increasing the State's burden or

restricting its theories of liability. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). This standard ensures that acquittals are reserved for actual evidentiary deficiencies rather than technical jury charge errors. *Id.*

Under section 22.07(a)(2), "[a] person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to . . . place any person in fear of imminent serious bodily injury." TEX. PEN. CODE ANN. § 22.07(a)(2). The trial court correctly charged the jury according to the statute. But Farias attempts to heighten the burden by construing that language used in the charge and in the statute to mean the threat had to be communicated directly to the complainant. The caselaw does not support his contention.

Because the plain language of section 22.07(a)(2) does not require the threat to be directly communicated to the person receiving the threat, that is not an element of the offense. *See Johnson v. State*, 710 S.W.3d 447, 453 (Tex. App.—Austin 2025, no pet. h.) (contrasting section 22.07(a) with the harassment statute which "requires that the subject of the threat be the person receiving the threat, a member of that person's family, or the person's property.") (citing TEX. PEN. CODE ANN. § 42.07(a)(2)); *In the Matter of L.J.G.*, No. 03-99-00412-CV, 2000 WL 963163, at *8 (Tex. App.—Austin July 13, 2000, no pet.) (not designated for publication) (holding section 22.07 "makes no distinction between direct and indirect threats").

Likewise, 22.07(a)(2) does not require the threat to be perceived by complainant. *See Olivas v. State*, 203 S.W.3d 341, 346 (Tex. Crim. App. 2006) (noting the terroristic-threat statute implies "that one can threaten without necessarily placing another in fear of imminent bodily injury. A logical inference from this is that "threatening," as used in the Penal Code, *does not require that the intended victim perceive or receive the threat . . . .*") (emphasis added); *see also In re A.J.R.P.*, 441 S.W.3d 733, 738–39 (Tex. App.—San Antonio 2014, no pet.) (applying the

reasoning from *Olivas* in holding "the Texas Penal Code does not require the victim of an aggravated robbery by threat to perceive the threat").

In this instance, a hypothetically correct jury charge would only require a jury to determine whether Farias "threatened to commit any offense involving violence to complainant with the intent to place complainant in fear of imminent serious bodily injury. Accordingly, it is immaterial whether the threats against complainant were communicated directly to her or to her husband—as long as Farias intended to place complainant in fear of injury. Thus, we reject Farias's claim that the State was required to present evidence that a threat was communicated directly to complainant (rather than her husband) in order for Farias to threaten complainant. *See*, *e.g.*, *Rivera v. State*, No. 01-22-00804-CR, 2024 WL 1383371, at \*7 (Tex. App.—Houston [1st Dist.] Apr. 2, 2024, no pet.) (mem. op) (not designated for publication) (finding evidence was sufficient to support that defendant threatened all occupants of a vehicle though threats were directed to driver).

### *Legal Sufficiency*

To commit the offense of terroristic threat, "it is not necessary that the victim be placed in fear of imminent serious bodily injury; it is the defendant's threat of violence made with the intent to place the victim in fear of imminent serious bodily injury that constitutes the offense." *Dues*, 634 S.W.2d at 306. "The requisite specific intent to make a terroristic threat may be inferred from a defendant's acts, words, and conduct." *Phillips*, 401 S.W.3d at 291; *Dues,* 634 S.W.2d at 305.

Here, both complainant and her husband testified that Farias pulled a knife during a heated argument. Further, complainant's husband testified that Farias threatened to kill both of them. Either act would be sufficient evidence for a jury to determine that Farias threatened violence against complainant with the intent to put complainant in fear of serious bodily injury or death. *See Olivas*, 203 S.W.3d at 349 n.40 ("An actor might threaten to stab by holding a knife overhead

and telling the victim, 'I'll kill you,' or by his conduct of waving the knife in the air or making some other threatening gesture."). Additional evidence of Farias's intent can be inferred from complainant's decision to pull her own gun in self-defense. *Phillips*, 401 S.W.3d at 293 (noting a victim's reaction is some evidence of the defendant's intent).[1]

We conclude the evidence presented was legally sufficient to support Farias's conviction. Viewing the evidence in the light most favorable to the verdict, a rational jury could reasonably have determined that Farias threatened to commit violence against complainant with the intent to place her in fear of imminent serious bodily injury. *See Brooks*, 323 S.W.3d at 895.

## CONCLUSION

The evidence is legally sufficient to support the conviction. Farias's sole issue is overruled, and the judgment is affirmed.

H. Todd McCray, Justice

DO NOT PUBLISH

---

[1] Complainant's testimony that she feared for her life and pulled her gun in response is evidence that would support a finding that complainant received the threat Farias intended when he pulled his knife—though, as explained above, such a finding is unnecessary to support the conviction.