

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00363-CR

Andres **LOMAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR1023
Honorable Velia J. Meza, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:         Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice
              H. Todd McCray, Justice

Delivered and Filed: October 1, 2025

AFFIRMED

Appellant Andres Lomas challenges his conviction for sexual assault of a child. We affirm

the trial court's judgment.

## BACKGROUND

In the spring of 2020, then-fifteen-year-old K.L. told her mother that she had been sexually

assaulted by her uncle, Lomas, "a week or two" earlier. At that time, K.L. lived in San Antonio

with Lomas; her father, C.L.; her grandfather, David Lomas; and David's wife, Kecia Lomas.

K.L.'s mother reported the outcry to San Antonio police. A Bexar County grand jury subsequently indicted Lomas for sexual assault of a child.[1] The indictment alleged that "on or about the 1st Day of April, 2020, ANDRES LOMAS, hereinafter referred to as defendant, did intentionally and knowingly cause the penetration of the SEXUAL ORGAN of [K.L.], a child, who was younger than 17 years of age and not the spouse of the defendant, by THE DEFENDANT'S SEXUAL ORGAN[.]"

During the guilt/innocence phase of trial, the State presented testimony from K.L.; C.L.; police officer Clint Laskowski, who responded to the initial report and interviewed K.L.; crime scene investigators Brenda Oliva and Melissa Hurst, who took photographs and collected a towel from the family's home; detective Joe Rios, who collected a buccal swab sample from Lomas; forensic scientist Melyssa Baldwin, who performed serological testing on the towel; and forensic scientist Catherine Haskins-Miller, who compared genetic material collected from Lomas's buccal swab to that found on the towel. Lomas presented testimony from his stepmother, Kecia, who testified that K.L.'s outcry occurred "[t]wo or three days" after K.L. became upset about restrictions on her use of the family's computer.

After hearing the evidence, the jury found Lomas guilty as charged in the indictment. The trial court signed a judgment of conviction consistent with the jury's verdict and sentenced Lomas to seven years' incarceration.

Lomas now appeals. In a single issue, he argues the evidence presented at trial was insufficient to support his conviction.

---

[1] In this opinion, we will use initials to refer to K.L. and her father to protect K.L.'s privacy. *See* TEX. R. APP. P. 9.10(a)(3) (defining "sensitive data" in a criminal case to include, *inter alia*, "the name of any person who was a minor at the time the offense was committed").

**ANALYSIS**

*Standard of Review and Applicable Law*

We review a challenge to the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and resolve all reasonable inferences in favor of the verdict to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). We do not ignore any evidence "because the standard requires a reviewing court to view *all* of the evidence in the light most favorable to the verdict." *Cary v. State*, 507 S.W.3d 750, 759 n.8 (Tex. Crim. App. 2016) (emphasis in original).

"[T]he question considered on an evidentiary sufficiency review is not whether there was *any* evidence to support a conviction, but whether there was sufficient evidence to justify a rational trier of the facts to find guilt beyond a reasonable doubt." *Baltimore v. State*, 689 S.W.3d 331, 340 (Tex. Crim. App. 2024) (emphasis in original). However, "[a]n appellate court cannot act as a thirteenth juror and make its own assessment of the evidence." *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Rather, "[a] court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally." *Id*.

A person commits sexual assault if, *inter alia*, he intentionally or knowingly "causes the penetration of the anus or sexual organ of a child by any means[.]" TEX. PENAL CODE § 22.011(a)(2)(A). As used in section 22.011, "'[c]hild' means a person younger than 17 years of age." *Id.* § 22.011(c)(1). "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a). "A person acts knowingly, or with knowledge, with

respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b); *see Baker v. State*, 94 S.W.3d 684, 690 (Tex. App.—Eastland 2002, no pet.) (holding that the penetration element of sexual assault "involves a result of conduct").

A conviction for sexual assault of a child who was 17 or younger at the time of the offense "is supportable on the uncorroborated testimony of the victim of the sexual offense[.]" TEX. CODE CRIM. PROC. art. 38.07(a), (b)(1); *Morganfield v. State*, 696 S.W.3d 194, 199 (Tex. App.—San Antonio 2024, no pet.). "There is no requirement that the victim's testimony be corroborated by medical or physical evidence." *Morganfield*, 696 S.W.3d at 199 (internal quotation marks and citations omitted).

*Application*

K.L. testified that on the night of the assault, she and Lomas were sitting on the couch together watching television. C.L. was not home, and David and Kecia had already gone to sleep. At some point, Lomas began rubbing K.L.'s back and "grabbed [her] left breast" under her shirt. He then kissed her on the mouth. The two eventually went to K.L.'s bedroom, where Lomas undressed K.L. and had sex with her. She testified that she was 15 years old at the time.

Lomas argues "[t]he first element not supported by sufficient evidence is the time frame for the offense." To the extent that this is an argument that the State did not establish that K.L. was a "child" as defined by the sexual assault statute, *see* TEX. PENAL CODE § 22.011(c)(1), we note Lomas also acknowledges that K.L. testified "she was 15 at the time of the incident." The jury therefore could have rationally determined beyond a reasonable doubt that K.L. was a child at the relevant time. *See id.*; *Nisbett*, 552 S.W.3d at 262.

Lomas further asserts that when K.L. testified, "[h]er memory was scant" and she could not remember certain details about the night of the assault, such as what she had for dinner, what

she and Lomas watched on television, or "how the two moved from the couch to the bed." K.L.'s inability to remember these details goes to the credibility of her testimony, an issue on which we must defer to the jury. *See, e.g.*, *Nowlin*, 473 S.W.3d at 317. Furthermore, the details K.L. did remember went directly to the required elements of the charged offense. *See* TEX. PENAL CODE § 22.011(a)(2)(A). As noted above, K.L. testified that she was 15 years old at the relevant time. *See id.* § 22.011(c)(1). She testified that Lomas had "sexual intercourse with [her]," and she specified that his penis was inside her vagina. *See id.* § 22.011(a)(2)(A). K.L. also testified that Lomas told her "to keep the fan [in her bedroom] off" because "[h]e was listening to hear if [C.L.] would come home or if Kecia and David would wake up." Based on that testimony, the jury could have rationally inferred that Lomas had a "conscious objective or desire to engage in" sex with K.L. and did not want to be discovered in the act. *See id.* § 6.03(a) (defining "intentionally"); *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (jury can infer intent from defendant's conduct).

Lomas next argues that the evidence lacks "facts in support" of the jury's guilty verdict. For example, he contends that K.L. "didn't complain and allowed him to touch her, kiss her, and go into her bedroom." This appears to be an argument that K.L. consented to sex with Lomas. But outside of affirmative defenses that do not apply here,[2] "consent is irrelevant to sexual assault of a child." *Delarosa v. State*, 677 S.W.3d 668, 675 (Tex. Crim. App. 2023). Under these circumstances, evidence that Lomas knowingly or intentionally engaged in sexual intercourse with

---

[2] There are two statutory affirmative defenses to a charge of sexual assault of a child. *Delarosa*, 677 S.W.3d at 675. The first is "that the actor was the spouse of the child at the time of the offense." TEX. PENAL CODE § 22.011(e)(1). The second is that "'the actor was not more than three years older than the victim at the time of the offense[,]' was not a sex offender under Chapter 62 of the Code of Criminal Procedure, and was unrelated to the victim for purposes of the incest statute . . . and the child was at least fourteen years of age." *Delarosa*, 677 S.W.3d at 675 (quoting TEX. PENAL CODE § 22.011(e)(2)). Lomas did not assert these defenses, and the evidence shows they do not apply here.

K.L. is sufficient to support a conviction for sexual assault of a child. TEX. PENAL CODE § 22.011(a)(2)(A); *Morganfield*, 696 S.W.3d at 199.

Because K.L.'s testimony addressed all the required elements of the charged offense, a rational juror who believed K.L. beyond a reasonable doubt could have found Lomas guilty based on that testimony alone. *See Morganfield*, 696 S.W.3d at 199–200; *see also Jackson*, 443 U.S. at 318–19. Nevertheless, the State also presented forensic evidence. K.L. testified that Lomas ejaculated on her, that he "wiped off with a towel, and [she] wiped [her]self off" with the same towel, and that she "hid [the towel] under the bed." Both K.L. and Laskowski testified that K.L. showed the towel to Laskowski after he interviewed her, and crime scene investigator Hurst testified that she collected the towel as evidence. Baldwin testified that she identified sperm cells on two cuttings from the towel. Haskins-Miller testified that when she compared a known sample of Lomas's DNA to the DNA on the two cuttings, she could not exclude Lomas "as a donor of the human DNA identified" on the towel. Haskins-Miller further testified that "the probability of selecting a random individual" who matched that genetic profile "would be one in 24 nonillion 700 octillion."[3] Although corroboration was not necessary here, the jury could have rationally found that this forensic evidence supported K.L.'s testimony.

Lomas's appellate challenges to the evidence described above ask us to substitute our own judgment for the jury's. The applicable standard of review prohibits us from doing so. *See Nisbett*, 552 S.W.3d at 262. Based on the evidence presented at trial, a rational jury could find beyond a reasonable doubt that Lomas was guilty of sexual assault of a child as charged in the indictment. TEX. PENAL CODE § 22.011(a)(2)(A); TEX. CODE CRIM. PROC. art. 38.07(a), (b)(1); *Morganfield*,

---

[3] Although Lomas appears to question the reliability of the DNA evidence—noting, for example, that K.L. did not positively identify the towel at trial and that the analysis of the towel showed "a mixture of [DNA] contributors"—he does not explicitly argue or present any authority to establish that the DNA evidence was unreliable or otherwise inadmissible or that the trial court abused its discretion by admitting it.

696 S.W.3d at 199–200. The evidence was therefore legally sufficient to support the trial court's judgment.

## CONCLUSION

We overrule Lomas's sole issue and affirm the judgment of conviction.

Lori I. Valenzuela, Justice

DO NOT PUBLISH