

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-21-00132-CR

**DANYETT DANELL GOODRUM,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 369th District Court**
**Leon County, Texas**
**Trial Court No. 20-0042CR**

_____

## MEMORANDUM OPINION

_____

After a jury trial, appellant, Danyett Danell Goodrum, was convicted of felony

hindering apprehension or prosecution of a known felon. *See* TEX. PENAL CODE ANN. §

38.05(d). On appeal, Goodrum contends that: (1) the evidence is insufficient to support

the jury's finding that she knew that Kevin Kahler was under arrest for or charged with

a felony; and (2) the trial court assessed unlawful and premature court costs. Because we

hold that the evidence is insufficient to support Goodrum's conviction for felony

hindering apprehension, but sufficient to support a conviction for the lesser-included offense of misdemeanor hindering apprehension, we reform the judgment to reflect a conviction for the lesser-included offense of misdemeanor hindering apprehension and remand to the trial court for a new punishment hearing.

## Sufficiency of the Evidence

STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial

evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

Here, Goodrum was convicted of felony hindering apprehension.[1] *See* TEX. PENAL CODE ANN. § 38.05(d). To show that the evidence presented was legally sufficient to support a conviction for felony hindering apprehension, the State must prove beyond a reasonable doubt that: "(1) the defendant warned another person of impending discovery or apprehension, (2) the defendant had the intent to hinder that individual's arrest, and (3) the defendant had knowledge that the individual was under arrest for, charged with, or convicted of a felony." *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim.

---

[1] Punishment was assessed at five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, which was probated for ten years. As conditions of her probation, the trial court ordered Goodrum to serve 180 days in the county jail, complete 500 hours of community service at sixteen hours per month, and pay a $5,000 fine.

App. 2015) (citing TEX. PENAL CODE ANN. § 38.05(a), (d)).   Only the last element, knowledge of the individual's being charged with a felony, is being challenged in this case.   As stated by the Texas Court of Criminal Appeals in *Nowlin*, "an individual acts with knowledge when [s]he is aware that the circumstances exist."   *Id.* at 318 (citing TEX. PENAL CODE ANN. § 6.03(b)).   Thus, the State had to prove that Goodrum was aware, at the time the offense of hindering apprehension was committed, that Kahler was under arrest for, charged with, or convicted of a felony.

BACKGROUND

The evidence showed that a warrant for Kahler's arrest for burglary of a building was signed by a magistrate on September 17, 2019.   Two days later, deputies with the Leon County Sheriff's Office arrived at the trailer that Goodrum and Kahler rented from Timothy Rabon to execute the warrant for Kahler's arrest.   Neither Goodrum nor Kahler opened the door or responded when deputies arrived at the trailer and knocked on the door on September 19, 2019.   Deputy Cody Wood of the Leon County Sheriff's Office testified that deputies repeatedly yelled for Kahler to come out.   Neither Goodrum nor Kahler responded.   With the assistance of Rabon, deputies were eventually able to gain access to the trailer by prying the door open with a crowbar.   When they entered the trailer, deputies noticed a dog barking and roaming free.   Deputies yelled that someone needed to restrain the dog to prevent the dog from getting hurt.   It was at this point that Goodrum entered the main living area and encountered the deputies.   Goodrum stated

that she did not hear the deputies yelling and knocking on the door because she was sleeping. After telling Goodrum to move, deputies proceeded to search the trailer for Kahler. They eventually found Kahler hiding in a small compartment in Goodrum's closet where the water heater was located. Deputies asserted that Goodrum helped Kahler hide inside the water-heater compartment by altering and placing a panel in front of the compartment. Kahler was placed under arrest for burglary of a building and was moved to a law-enforcement vehicle outside. Goodrum was later arrested for hindering the apprehension of Kahler.

DISCUSSION

On appeal, Goodrum's sufficiency challenge focuses on the element of hindering apprehension that requires the State to prove that she knew Kahler was under arrest for, charged with, or convicted of a *felony*. *See* TEX. PENAL CODE ANN. § 38.05(d). In response to Goodrum's challenge, the State focuses on an interview of Goodrum that was conducted by Lieutenant Wayne Sallee of the Leon County Sheriff's Office on September 12, 2019. In this interview, Lieutenant Sallee informed Goodrum that he was investigating an alleged burglary of a building that involved the theft of tools from Rabon's shed. When asked about the incident, Goodrum acknowledged that Kahler told her some details about how he acquired certain tools that were later determined to have been stolen from Rabon's shed. Specifically, Goodrum explained that Kahler told her he acquired the tools as payment for jobs or that he retrieved them from the dump.

Goodrum admitted to pawning several tools that law enforcement identified as property stolen by Kahler. And although it was repeatedly suggested during the interview that the tools were stolen, there was no indication that a felony had been committed or that an arrest warrant was forthcoming.

In her testimony at trial, Goodrum stated that she had been a jailer for Leon County for a little over four years, but she no longer worked as one around the time of the offense. Lieutenant Sallee emphasized in his testimony that because Goodrum previously worked as a jailer, she likely reviewed many probable-cause affidavits and warrants and understood what offenses are felonies. He also believed that: (1) Goodrum would have known that when police enter a home and demand that someone comes out, it is based on a warrant; and (2) after the September 12, 2019 interview, "[t]here's no doubt in my mind she knew something was fixing to happen." Additionally, the record includes the testimony of Rabon, who was present when deputies entered the trailer on September 19, 2019, and recalled that law enforcement yelled that there was a warrant for Kahler's arrest.

The record also reflects that Deputy Wood spoke with Goodrum at her trailer on two prior occasions—September 6, 2019, and September 12, 2019. On those two occasions, Deputy Wood informed Goodrum that there were "possibly some stolen items in the house, and I asked her if she would mind for me and an investigator to walk through the residence, and she did not mind."

The evidence supports an inference that Goodrum was aware of the stolen items and Kahler's possible connection to the items. Goodrum's knowledge about the stolen items is further evidenced by a stray comment she made in the body cam videos that were admitted into evidence. Specifically, in State's Exhibit 4, Goodrum told police, while she was being arrested, that she had told Kahler to call the police about the incident.

However, despite the foregoing, we cannot say that the evidence mentioned above establishes beyond a reasonable doubt that Goodrum knew, when she was helping Kahler conceal himself, that Kahler was *under arrest* for, charged with, or convicted of a *felony*.[2] *See Nowlin*, 473 S.W.3d at 317 ("A strong suspicion or mere probability of guilt are insufficient. In examining the evidence, factfinders are not permitted to make conclusions based on unsupported inferences or to guess at the possible meaning of a piece of evidence. While such a guess may be a reasonable one, it is not sufficient to support a finding of an element beyond a reasonable doubt because it is not based on facts." (internal citations omitted)). Indeed, Deputy Wood admitted that when deputies called for Kahler to come out of hiding on September 19, 2019, they did not mention the word "warrant." They merely yelled for Kahler to come out of hiding. Thus, the evidence

---

[2] At the time of the offense, Goodrum could not have been aware that Kahler was charged with or convicted of a felony because the State did not indict Kahler for the burglary-of-a-building offense that served as the basis for the arrest warrant until January 2020, or approximately four months after the September 19, 2019 encounter.

does not establish whether deputies had a felony or misdemeanor arrest warrant, a search warrant, or simply wanted to interview Kahler when they arrived at the trailer.

And although Rabon recalled hearing law enforcement stating that they were present at the residence with a warrant for Kahler's arrest, the body cam videos show that it was not until Kahler had been extracted from his hiding place and handcuffs were placed on him that law enforcement stated that a warrant for Kahler's arrest had issued for felony burglary of a building.

Therefore, even viewing the evidence in the light most favorable to the verdict, we cannot say that the record contains sufficient evidence for a reasonable factfinder to have found beyond a reasonable doubt that Goodrum knew Kahler was under arrest for a felony offense when she encountered the deputies at the trailer on September 19, 2019. *See* TEX. PENAL CODE ANN. § 38.05(d); *see also Nowlin*, 473 S.W.3d at 317-18.  Therefore, we cannot uphold her conviction for felony hindering apprehension.

However, as Goodrum asserts, the trial court necessarily found each element of the lesser-included offense of misdemeanor hindering apprehension, and the evidence is sufficient to support a conviction for that offense.  *See* TEX. PENAL CODE ANN. § 38.05(a) (providing that a person commits an offense if, with intent to hinder arrest . . . for an offense . . . [s]he:  (1) harbors or conceals the other; (2) provides or aids in providing the other with any means of avoiding arrest or effecting escape; or (3) warns the other of impending discovery or apprehension."), (c) ("Except as provided by Subsection (d), an

offense under this section is a Class A misdemeanor."). Thus, rather than acquitting Goodrum, we reform her conviction to misdemeanor hindering apprehension and remand the case for a new punishment hearing. Accordingly, we sustain Goodrum's first issue on appeal.

## Court Costs

In her second issue, Goodrum challenges several court costs that were assessed. We conclude that it is unnecessary to address this issue, as a new certified bill of costs will be produced after the trial court conducts a new punishment hearing in this case. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.15(a) ("When the defendant is fined, the judgment shall be that the defendant pay the amount of the fine and all costs to the state."), 42.16 ("If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."); *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (noting that the imposition of court costs upon a criminal defendant is a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case). Accordingly, we overrule Goodrum's second issue.

## Conclusion

Based on the foregoing, we reform Goodrum's conviction for felony hindering apprehension to reflect a conviction for the lesser-included offense of misdemeanor hindering apprehension and remand to the trial court for a new punishment hearing. *See*

*Lee v. State*, 537 S.W.3d 924, 927 (Tex. Crim. App. 2017) ("When an appellate court finds the evidence insufficient to establish an element of the charged offense, but the jury necessarily found the defendant guilty of a lesser offense for which the evidence is sufficient, the appellate court must reform the judgment to reflect the lesser-included offense and remand for a new punishment hearing."); *see also Nowlin*, 473 S.W.3d at 319.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Reformed and remanded
Opinion delivered and filed February 2, 2022
Do not publish
[CR25]

