

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00204-CR

JUAN CARLOS ALVAREZ-RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 290th District Court
Bexar County, Texas
Trial Court No. 2022CR9625

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

A Bexar County[1] jury convicted Juan Carlos Alvarez-Ramirez of one count of continuous sexual abuse of a young child,[2] two counts of sexual assault of a child,[3] and one count of sexual performance of a child.[4,5] After a punishment hearing, the trial court sentenced Alvarez-Ramirez to (1) ninety-nine years' imprisonment for continuous sexual abuse of a young child, (2) twenty years' imprisonment for each count of sexual assault of a child, and (3) ten years' imprisonment for sexual performance of a child, with the sentences to run concurrently. On appeal, Alvarez-Ramirez complains (1) that the indictment did not provide him with fair notice of the facts relied on by the State and impeded his ability to mount a meaningful defense, (2) that the trial court erred in its instruction given in response to jury questions, and (3) that there was insufficient evidence to support his convictions. We find that Alvarez-Ramirez forfeited his complaint regarding a defect in the indictment and failed to preserve his complaints regarding the trial court's instruction given in response to jury questions and that sufficient evidence supported his convictions. Nevertheless, the trial court's judgments convicting Alvarez-Ramirez of two counts of sexual assault of a child and one count of sexual performance of a child contain errors that must be corrected. As a result, we will modify those judgments, as necessary; affirm those

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We are unaware of any conflict between precedent of the Fourth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]*See* TEX. PENAL CODE ANN. § 21.02 (Supp.).

[3]*See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (B) (Supp.).

[4]*See* TEX. PENAL CODE ANN. § 43.25(b) (Supp.).

[5]Alvarez-Ramirez was also charged with compelling prostitution of a child, but he was acquitted of that charge.

judgments, as modified; and affirm the trial court's judgment convicting Alvarez-Ramirez of continuous sexual abuse of a young child.

## I.  Alvarez-Ramirez Forfeited His Complaint Regarding a Defective Indictment

The indictment in this case charged Alvarez-Ramirez with, among other things, one count of continuous sexual abuse of a young child.  It alleged, in relevant part, that Alvarez-Ramirez,

> during a period that was thirty (30) or more days in duration, to-wit:  from on or about the 1st Day of November, 2015, through the 1st day of September, 2018, when the defendant was seventeen (17) years of age or older, commit[ed] two or more acts of sexual abuse against A CHILD younger than fourteen (14) years of age, namely:
>
> 1)      the defendant did intentionally and knowingly cause the penetration of the SEXUAL ORGAN of [A.D.[6]], by THE DEFENDANT'S SEXUAL ORGAN.

Alvarez-Ramirez complains that he was not given fair notice of the charges against him in order to prepare his defense.[7]  Although he acknowledges that the indictment tracks the language of the statute,[8] he argues that the allegation that he committed two or more acts of sexual conduct over a period of over one thousand days rendered it almost impossible to mount a defense.

The Texas Code of Criminal Procedure provides,

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error,

---

[6]To protect the identity of the complainant, who was a minor at the time of the offenses, we refer to her by her initials.  *See* TEX. R. APP. P. 9.10.

[7]Alvarez-Ramirez's fair-notice complaint is limited to count I of the indictment relating to the charge of continuous sexual abuse of a young child.

[8]"Notice to a defendant to prepare a defense is sufficient if the indictment tracks the statutory language in the continuous sexual abuse statute and describes the various predicate acts of sexual abuse that the defendant is alleged to have committed during a minimum 30-day period."  *Moreno v. State*, 619 S.W.3d 754, 760 (Tex. App.—San Antonio 2020, no pet.) (citing *Buxton v. State*, 526 S.W.3d 666, 677–83 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd)).

or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b). "[D]efects going to notice are defects of form." *State v. Murk*, 815 S.W.2d 556, 557 (Tex. Crim. App. 1991) (citing *Studer v. State*, 799 S.W.2d 263, 267 n.5 (Tex. Crim. App. 1990)). As a result, Alvarez-Ramirez was required to "make a pretrial objection to a [form or] substance defect in the information . . . or forfeit the right to complain about it on appeal." *Smith v. State*, 309 S.W.3d 10, 18 (Tex. Crim. App. 2010) (citing *Studer*, 799 S.W.2d at 271).

The record in this case does not show that Alvarez-Ramirez asserted any pretrial complaint that the indictment was defective because it failed to give him fair notice of the charges against him. As a result, he has forfeited his right to raise this complaint on appeal. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 1.14(b). We overrule this issue.

## II. Alvarez-Ramirez Did Not Preserve His Complaint Regarding the Trial Court's Instruction in Response to the Jury's Questions

Alvarez-Ramirez also complains that the trial court erred when it answered questions from the jury during their deliberations. The jury sent a note to the trial court that asked:

1. "Since they were never introduced as evidence in trial, can we assume the existence of nude photos of [A.D.] based on the detective's references to them in the interview with the Defendant? Can we assume they exist and use them in our decision?"

2. "What are the requirements of admissible evidence specifically photos and videos[?]"

3. "And when Dr. Dai or Dye interviewed A.D., was the interview conducted in English or Spanish?"

4

The trial court proposed to send an instruction to the jury that stated, "You can take into consideration all the physical evidence and testimony from the witness stand and be governed by the law in the Charge. I cannot further answer your questions. Continue to deliberate." Alvarez-Ramirez's lead counsel acquiesced to this instruction, but his co-counsel suggested, "[C]an we also add consider [sic] -- 'You can only consider what's been admitted?'" After some discussion, the trial court again stated its proposed instruction and asked, "Is that what you want?" to which Alvarez-Ramirez's lead counsel responded, "Yes, Judge." However, his co-counsel answered, "I'm fine with going shorter with, [']You have all the evidence in front of you.[']"

Rule 33.1 of the Texas Rules of Appellate Procedure provides:

(a)    . . . . As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1)    the complaint was made to the trial court by a timely request, objection, or motion that:

(A)    stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B)    complied with the requirements of the Texas Rules of Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2)    the trial court:

(A)    ruled on the request, objection, or motion, either expressly or implicitly; or

(B)    refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

5

TEX. R. APP. P. 33.1(a). "To preserve error for appellate purposes, a party need only 'let the trial judge know what he wants and why he thinks he is entitled to it and do so clearly enough for the judge to understand the request at a time when the trial court is in a proper position to do something about it.'" *Aleman v. State*, 497 S.W.3d 518, 525 (Tex. App.—San Antonio 2016, no pet.) (quoting *Bedolla v. State*, 442 S.W.3d 313, 316 (Tex. Crim. App. 2014)). Also, an error is not preserved if the argument on appeal does not comport with the complaint made at trial. *Villareal v. State*, 596 S.W.3d 338, 340 (Tex. App.—San Antonio 2019, pet. granted) (citing *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012)).

On appeal, Alvarez-Ramirez complains that the trial court should have instructed the jury that it could only consider what had been admitted. He argues that the trial court's proposed instruction "likely resulted in jury confusion and influenced the verdict" because it did not specifically address the jury question, and it allowed the jury to consider the photographs and recordings not admitted into the record. In the trial court, Alvarez-Ramirez did not make any argument that the trial court's proposed instruction was erroneous and did not explain why his proposed instruction should be given instead.

Because Alvarez-Ramirez did not alert the trial court as to why its proposed instruction was erroneous or let the trial court know why his proposed instruction should be given, and because his arguments on appeal do not comport with any argument made at trial, this complaint was not preserved and presents nothing for our review.

Further, as Alvarez-Ramirez acknowledges in his brief, the record does not contain the trial court's written answer to the jury's questions, and it is not clear what the trial court

6

instructed the jury in response to its questions. Although he infers that the trial court gave its proposed instruction to the jury, it is insufficient to show that this was the actual instruction given the jury. *See Shepherd v. State*, 673 S.W.2d 263, 267 (Tex. App.—Houston [1st Dist.] 1984, no pet.). Because the record does not support Alvarez-Ramirez's inference, it "do[es] not provide the Court any basis for making a decision and cannot be considered." *Williams v. State*, 485 S.W.2d 274, 275 (Tex. Crim. App. 1972).

We overrule this issue.

## III. Sufficient Evidence Supports the Judgments of Conviction

Alvarez-Ramirez also complains that the evidence was legally insufficient[9] to support his convictions. We will address each judgment separately.

### A. Standard of Review

"When reviewing the sufficiency of the evidence, we determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Borton v. State*, 683 S.W.3d 459, 464 (Tex. App.—San Antonio 2023, no pet.) (citing *Witcher v. State*, 638 S.W.3d 707, 709–10 (Tex. Crim. App. 2022)). "[W]e consider all the evidence in the light most favorable to the prosecution . . . ." *Olalde v. State*, 635 S.W.3d 404, 405–06 (Tex. App.— San Antonio 2021, no pet.) (citing *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014)). "In considering the evidence, it is the jury's responsibility to resolve conflicts in the testimony, make credibility determinations, weigh the evidence, and make any necessary

---

[9]Alvarez-Ramirez also asserts that the evidence was factually insufficient to support his convictions. However, the Texas Court of Criminal Appeals has determined that the "legal[] sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

reasonable inferences from it." *Id.* at 406 (citing *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015)). "If the record supports conflicting inferences, we presume the jury resolved conflicts in favor of the prosecution." *Id.* (citing *Nowlin*, 473 S.W.3d at 317). "If the inferences made by the fact[-]finder are reasonable in light of the combined and cumulative force of all the evidence, we will uphold the conviction." *Id.* (citing *Nowlin*, 473 S.W.3d at 317). Further, convictions for sexual assault of a child and continuous sexual abuse of a child are "supportable on the uncorroborated testimony of the victim of the sexual offense" if the victim was seventeen years of age or younger at the time of the offense. TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1); *see Cantu v. State*, 678 S.W.3d 331, 358 (Tex. App.—San Antonio 2023, no pet.); *Cedillo v. State*, No. 04-22-00126-CR, 2023 WL 5945628, at *4 (Tex. App.—San Antonio Sept. 13, 2023, no pet.) (mem. op., not designated for publication).[10]

"Further, when we review the legal sufficiency of the evidence, 'we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial." *Hernandez v. State*, 585 S.W.3d 537, 548 (Tex. App.—San Antonio 2019, pet. ref'd) (quoting *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014)). "A hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* (quoting *Thomas*, 444 S.W.3d at 8). "The '"law as authorized by the indictment"

---

[10]"Although unpublished cases have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

consists of the statutory elements of the offense and those elements as modified by the indictment.'" *Id.* (quoting *Thomas*, 444 S.W.3d at 8).

### B. Continuous Sexual Abuse of a Child

Under the relevant statutes and the indictment, to convict Alvarez-Ramirez of continuous sexual abuse of a child, the State was required to show, beyond a reasonable doubt, that (1) during a period that was thirty or more days in duration, (2) Alvarez-Ramirez (3) committed two or more acts (4) of sexual assault of a child by (a) intentionally or knowingly (b) causing the penetration of A.D.'s sexual organ by his sexual organ (5) when he was seventeen years of age or older and (6) A.D. was younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(b), (c)(3), § 22.011(a)(2)(C) (Supp.). Alvarez-Ramirez contends that there was no evidence (1) that the sexual assaults occurred "during a period that was 30 or more days in duration," (2) that he was seventeen years of age or older at the time of the alleged offenses, or (3) that A.D. was under fourteen years of age when the sexual assaults occurred.

Alvarez-Ramirez points to A.D.'s testimony that, when she was eleven years old, "[o]ne time in a room [and] another time in the living room" she woke up nude, without any underwear or shorts on," and that Alvarez-Ramirez would touch her and tell her that she liked it when she was in the fourth or fifth grade. He argues that this testimony is void of any reference to any prohibited conduct or time reference.

However, when asked what happened "in a room," A.D. testified that, when her mother went to work, Alvarez-Ramirez "would do his dirty things," which she explained meant he would put his part used to pee where she uses to pee. She also testified that she knew she was

eleven when this first happened because she was in the fourth or fifth grade. A.D. testified that, when she was thirteen or fourteen, "things got a little heavier" when Alvarez-Ramirez began putting his penis "in the place with which [she] poo[s]" and in her mouth. She testified that Alvarez-Ramirez continued this conduct until she was seventeen years old. She explained that, from the time she was eleven until she was seventeen, Alvarez-Ramirez sexually abused her every day, except Wednesdays and Thursdays when her mother was not at work and except when A.D. was on her period.

In addition, A.D.'s mother testified that she began living with Alvarez-Ramirez when A.D. was five years old and that she was in a relationship with him for twelve years. She ended the relationship when A.D. told her on July 21, 2022, that Alvarez-Ramirez was abusing her. Also, in his interview with Detective Michael Alvarez after his arrest, Alvarez-Ramirez stated that he had a fifteen-year-old daughter and a nineteen-year-old son in Mexico. A.D. was seventeen years of age when Alvarez-Ramirez was arrested.

Viewing the evidence in the light most favorable to the prosecution, we find that any jury could find beyond a reasonable doubt that Alvarez-Ramirez sexually assaulted A.D. by intentionally and knowingly causing the penetration of her sexual organ by his sexual organ two or more times from the time she was eleven years of age until her fourteenth birthday and that Alvarez-Ramirez was seventeen years of age or older at the time of the sexual assaults. As a result, we find that sufficient evidence supports his conviction for continuous sexual abuse of a young child.

10

## C.    Sexual Assault of a Child

Under the relevant statutes and the indictment, to convict Alvarez-Ramirez of two counts of sexual assault of a child, the State was required to show, beyond a reasonable doubt, that Alvarez-Ramirez (1) intentionally or knowingly (2) caused the penetration of A.D.'s (a) mouth and (b) anus (3) with his sexual organ (4) when A.D. was younger than seventeen years of age. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (B).   Alvarez-Ramirez argues that A.D. did not testify that he took her undergarments off and that there was no evidence that he caused the penetration of her mouth or anus.  We disagree.

As set forth above, A.D. testified that, beginning when she was thirteen or fourteen years old and continuing until she was seventeen, Alvarez-Ramirez put his penis in her mouth and anus almost daily at their residence.  She also testified that "[h]e would take [her] undies down and then he would put [his penis] in [her], and . . . in [her] mouth" and that, when he put his penis in her anus, "it started to hurt."  From this testimony, a rational jury could reasonably infer that Alvarez-Ramirez penetrated A.D.'s mouth and anus with his sexual organ.  *See Cantu*, 678 S.W.3d at 358–59.  As a result, we find that sufficient evidence supports his two convictions for sexual assault of a child.

## D.    Sexual Performance of a Child

Under the relevant statute and the indictment, to convict Alvarez-Ramirez of sexual performance of a child, the State was required to show, beyond a reasonable doubt, that Alvarez-Ramirez (1) induced (2) A.D. when she was younger than eighteen years of age (3) to engage in sexual conduct or a sexual performance (4) by requesting A.D. to send sexually explicit

11

recordings and photographs of herself to him, and (5) he knew the character and content thereof. *See* TEX. PENAL CODE ANN. § 43.25(b) (Supp.). "'Sexual performance' means any performance or part thereof that includes sexual conduct by a child younger than 18 years of age." TEX. PENAL CODE ANN. § 43.25(a)(1) (Supp.). "Sexual conduct" includes, among other things, "masturbation" and "lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." TEX. PENAL CODE ANN. § 43.25(a)(2) (Supp.). Alvarez-Ramirez asserts that there was insufficient evidence that he induced A.D. to engage in sexual conduct because, he argues, A.D.'s testimony regarding the photographs and recordings that he induced A.D. to send him was not specific enough to show that she sent him lewd photographs or recordings of her genitals, anus, or breasts below the top of the areola, or to show what body parts she touched during masturbation.

A.D. testified that Alvarez-Ramirez asked her for photographs and recordings of her breasts, genitals, and butt and stated that, if she did not send them, he would hit her. She also testified that he requested recordings of her masturbating, which she sent to him:

> Q. [(By the State)] Did he ever ask for something specific in the videos of you[?]
>
> A. Yes.
>
> Q. What specifically would he ask for in the videos of you?
>
> A. Also videos of me masturbating.
>
> Q. Did you send him those videos?
>
> A. Yes.

12

Q. How old were you when he first asked you to send him a video of you masturbating?

A. I think 15. 15 to 16 years of age, but no longer 17.

Q. Did you know what masturbating was when he first asked you for a video of it?

. . . .

Q. . . . [A.D.], you -- when did you learn what masturbating was?

A. When he taught me.

Q. When did he teach you?

A. When he started to take my hand and make me touch myself, but I didn't know what it meant to masturbate.

Q. Do you remember how old you were when that happened?

A. I believe 15 years.

. . . .

Q. So were you -- did you wear clothes at all in those photos and videos?

A. No. No, because he wanted me to take them when I would get out of the shower. He would want me to have my phone there whenever I would get out of the shower.

Even though "masturbation" is not defined in Section 43.25, it has a common and ordinary meaning.[11] The jury is presumed to know such common meaning. *See Druery v. State*, 225 S.W.3d 491, 509 (Tex. Crim. App. 2007); *Granger v. State*, 584 S.W.3d 571, 578 (Tex.

---

[11]"Masturbation" is defined as "erotic stimulation esp. of one's own genital organs commonly resulting in orgasm and achieved by manual or other bodily contact exclusive of sexual intercourse . . . ." *Masturbation*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2006).

13

App.—San Antonio 2019, no pet.). As a result, even though A.D. did not specifically testify as to the body parts she touched when she masturbated, the jury could reasonably infer that A.D. used the term in its ordinary and common meaning and could reasonably conclude that Alvarez-Ramirez induced A.D. to send him recordings of her masturbating.

Construing this evidence in the light most favorable to the prosecution, we find that sufficient evidence supports Alvarez-Ramirez's conviction for sexual performance of a child and overrule his complaints challenging the sufficiency of the evidence.

## IV.  Modification of Judgments

The trial court's judgment convicting Alvarez-Ramirez of sexual assault of a child under count II of the indictment states that the "Statute for Offense" is "22.011(A) PC." However, the correct statute of the offense charged in count II of the indictment is Section 22.011(a)(2)(B) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(B).

The trial court's judgment convicting Alvarez-Ramirez of sexual assault of a child under count III of the indictment states that the "Statute for Offense" is "22.011(A) PC." However, the correct statute of the offense charged in count III of the indictment is Section 22.011(a)(2)(A) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A).

The trial court's judgment convicting Alvarez-Ramirez of sexual performance of a child under count IV of the indictment states that the "Statute for Offense" is "43.25(E) PC" and that the "Degree of Offense" is "3RD." However, the correct statute for the offense charged in count IV of the indictment is Section 43.25(b) of the Texas Penal Code, and the correct degree of offense is a second-degree felony. *See* TEX. PENAL CODE ANN. § 43.25(b), (c).

14

This Court has authority to modify judgments when we have the necessary information to make a correction. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Accordingly, we will modify the judgments to reflect the correct statutes of offense and the correct degree of offense.

## V.      Disposition

For the reasons stated, we modify (1) the judgment as to count II to reflect "22.011(a)(2)(B) PC" as the "Statute for Offense," (2) the judgment as to count III to reflect "22.011(a)(2)(A) PC" as the "Statute for Offense," and (3) the judgment as to count IV to reflect "43.25(b) PC" as the "Statute for Offense" and "2nd degree felony" as the "Degree of Offense." We affirm the trial court's judgment as to count I, without modification, and we affirm the judgments as to counts II, III, and IV, as modified.

Charles van Cleef
Justice

Date Submitted:       July 15, 2024
Date Decided:         July 24, 2024

Do Not Publish

15